IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No. 7:20-cv-00754 |
| v. | |
| | By: Elizabeth K. Dillon |
| OLD DOMINION INSURANCE COMPANY, et al., | United States District Judge |
| Defendants. | |

**MEMORANDUM OPINION**

This matter is a declaratory judgment action filed by State Farm Mutual Automobile Insurance Company (State Farm) against Old Dominion Insurance Company and The Main Street America Group, Inc. (collectively Old Dominion). State Farm alleges that Old Dominion has a duty to defend and indemnify Joseph Ferguson in a personal injury lawsuit brought against him by Brian Haston for injuries arising out of an automobile accident. Also named as defendants are Ferguson, Haston, and Nosh Delivery LLC. Old Dominion removed this case from the City of Roanoke Circuit Court. (Notice of Removal, Dkt. No. 1.)

The court issued an order for the parties to brief various issues related to the notice of removal. (Dkt. No. 4.) Following briefing and a hearing, and for the reasons stated below, the court finds that this case must be remanded because Old Dominion failed to meet its burden of demonstrating that removal was proper.

I. BACKGROUND

This matter is brought by State Farm to determine the presence or absence of coverage afforded to Ferguson under an Automobile Liability Insurance Policy issued by Old Dominion

for Ferguson's potential liability arising out of his alleged negligence for an automobile accident that occurred on December 1, 2018, in Roanoke, Virginia. (Compl. ¶ 1, Dkt. No. 1-1.) Main Street is the parent company of Old Dominion; both are Florida corporations with their principal places of business in Florida. State Farm is an Illinois corporation with its principal place of business in Illinois.

The complaint alleges, upon information and belief, that Nosh Delivery, LLC, formerly known as Fetch Delivery LLC, was a Virginia limited liability company formed on July 10, 2014. Nosh's limited liability company status was voluntarily canceled on June 30, 2016. Nosh's registered agent was Katrina Josephine Vassell at the time of its cancellation. Nosh was in the business of providing food delivery services by partnering with local restaurants. (Compl. ¶ 5.)

Ferguson was the permissive operator of a car that was owned by his father and that was involved in an accident with a motor vehicle operated by Haston on December 1, 2018. Ferguson was delivering a food order for Nosh at the time of the accident. (Compl. ¶¶ 6–7.) The notice of removal alleges that Ferguson and Haston are Virginia residents.

Haston filed a complaint for personal injury damages against Ferguson and Nosh in the Circuit Court for the City of Roanoke. Haston served State Farm as Haston's Uninsured/Underinsured Motorist coverage carrier. (*Id.* ¶ 8.)

Old Dominion has denied coverage to Ferguson under the Old Dominion policy, citing paragraph A.5 which provides the following exclusion: "for that 'insured's' liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool." (Comp. ¶ 11, Ex. B.) State Farm disputes the applicability of this exclusion and alleges in this declaratory judgment action

that Old Dominion owes a duty to defend and indemnify Ferguson in the personal injury action.

## II. ANALYSIS

### A. Removal and Remand

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. *Madden v. Petland Summerville, LLC*, No. 2:20-cv-02953-DCN, 2020 WL 6536913, at *2 (D.S.C. Nov. 6, 2020). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, *see* 28 U.S.C. § 1332.

### B. Diversity Jurisdiction

Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

In its briefing order, the court questioned the citizenship of Nosh Delivery because it is (or was) an LLC, and the court was not sure, as Old Dominion alleged, that its citizenship is

irrelevant because it is a dissolved entity.[1] As the court noted, an LLC is "an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members," *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004), and the notice of removal was silent on the citizenship of Nosh Delivery's members. Old Dominion emphasizes that Nosh Delivery was formally dissolved in 2016, and the underlying accident occurred in 2018. Old Dominion then explains how claims can be enforced against a dissolved LLC under Virginia law. *See* Va. Code § 13.1-1049.2(D).

In fact, in its discussion of the proper alignment of the parties, Old Dominion argues that Nosh Delivery should be realigned as a plaintiff because if State Farm prevails in this action, and Old Dominion is required to cover Ferguson, the chance of Nosh being required to pay a judgment related to the accident is reduced. In this manner, Nosh would have an interest in having Ferguson's insurance company (Old Dominion) cover the damages associated with the accident so that Nosh may not have to. (*See also* Notice of Removal ¶ 39 ("Nosh has an interest in State Farm obtaining the declaratory judgment against Old Dominion because Old Dominion's liability could partially shield Nosh and its members from the Accident that Haston, one of Nosh's alleged agents or employees, got into during a food delivery Haston was making on behalf of Nosh.").) This line of reasoning suggests that the citizenship of Nosh Delivery may be relevant to the court's analysis, even if Nosh Delivery has been dissolved. The extent to which a dissolved LLC—or those who were operating under the veil of a dissolved LLC—can pursue claims under Virginia law is unclear to the court. *See* Va. Code § 13.1-1050(B) (providing that upon the "effective date" of the "certificate of cancellation, canceling the limited liability

---

[1] The court also questioned the citizenship of Hason and Ferguson and requested briefing on whether the court should decline jurisdiction pursuant to *Trustgard Ins. Co. v. Collins*, 942 F.3d 195 (4th Cir. 2019). It is not necessary to address these issues because the unknown citizenship of Nosh Delivery is dispositive.

company's existence . . . the existence of the limited liability company shall cease, *except for the purpose of suits, other proceedings, and appropriate actions by members as provided in this chapter.*") (emphasis added).

At the hearing, Old Dominion argued that Nosh was not properly joined. The court is uncertain what legal analysis would lead the court to that conclusion. It appears, as noted above, that whatever its current form, Nosh Delivery may have an interest in the outcome of this lawsuit. Old Dominion does not argue that Nosh's citizenship can be ignored because Nosh is a "nominal party." *See Dail v. Bank of Am., N.A.*, Civil Action No. 2:18-cv-640, 2019 WL 921452, at *3 (E.D. Va. Feb. 21, 2019) ("The general rule is that the Court will only consider 'real and substantial parties to the controversy' when determining whether diversity exists and should disregard any 'nominal or formal parties.'") (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980)). Nor does Old Dominion argue that Nosh was fraudulently joined. *Cnty. Comm'n of McDowell Cnty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 644 (S.D.W. Va. 2017) ("Fraudulent joinder is applicable where a defendant seeking removal argues that other defendants were joined when there is no possible cause of action against those defendants or where the complaint pled fraudulent facts.").

For its part, State Farm notes the "dearth of information" available concerning the membership of Nosh Delivery beyond its registered agent at the time of dissolution. State Farm also observes that there is a pending non-suit of Nosh in the underlying state court action. Thus, State Farm tends to agree that the citizenship of Nosh has "little bearing" on the issue of diversity in this case. The court, however, does not agree because to "support diversity jurisdiction in removed cases, diversity must have existed *both at the time the action was originally commenced in state court and at the time of filing the petition for removal.*" *Rowland*

*v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989) (emphasis added). The parties cannot confer jurisdiction by agreement, and the dismissal of a party in this action (or in a separate action) cannot alter the court's analysis of whether diversity in this case existed at the time of removal or at the time this action was originally filed in state court.

Not knowing Nosh Delivery's citizenship leaves the court in a situation where it cannot be assured of its own jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Because Old Dominion bears the burden of demonstrating that removal is proper, and because the court must resolve all doubts in favor of remand, the court will remand this matter to state court. *See Diamond Scaffold Servs., LLC v. Salt Solutions, LLC*, Civil Action 18-0470-WS-B, 2019 WL 2023730, at *3 (S.D. Ala. May 8, 2019) (stating that the court "has done its best to determine Mississippi law as it affects the jurisdictional issue" pertaining to the citizenship of a dissolved LLC, but "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists," and "to the extent doubt remains as to that law, all doubts about jurisdiction should be resolved in favor of remand to state court").

### III. CONCLUSION

For the reasons stated herein, the court will issue an appropriate order remanding this case to the Circuit Court for the City of Roanoke.

Entered: August 10, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge